UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MCCLANE FOOD SERVICE, INC.,**

    **Plaintiff,**

                                  **Civil Action 2:10-cv-00840**
vs.                                 **Judge Algenon L. Marbley**
                                    **Magistrate Judge E. A. Preston Deavers**

**GANESH PONNERI RAO,** *et al.*,

    **Defendant.**

## ORDER

This matter is before the Court upon Defendant Ganesh Ponneri Rao's Notification of Filing Under Bankruptcy Code and Suggestion of Stay for Defendant (Doc. 9). Defendant Ganesh Rao indicates that on October 25, 2010, he filed his Petition under Chapter 7 of The Bankruptcy Code, Title 11, U.S.C., with the Clerk of the Bankruptcy Court for the Southern District of Ohio, Eastern Division. Ganesh Rao suggests that his Chapter 7 filing invokes Sections 362(a) and 1301(A) of the Bankruptcy Act. Consequently, he "requests the Court to order Plaintiff to cease further proceedings in this case until such time as the Bankruptcy Court determines this matter." (Def.'s Notification 2.) Defendant's request is **GRANTED IN PART AND DENIED IN PART.** Section 362(a) operates to automatically stay actions against bankruptcy petitioners and their property. 11 U.S.C. § 362(a). "The provision does not apply, however, to actions not directed against the debtor or property of the debtor." *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (citation omitted). As applied to the instant case, Section 362(a) operates as an absolute bar to the continuation of the instant proceeding

against Ganesh Rao until the bankruptcy court lifts the stay.  Accordingly, this case is **ADMINISTRATIVELY STAYED** only with regard to Defendant Ganesh Rao.

Defendant Ganesh Rao incorrectly asserts that Section 1301 operates to stay the action with respect to the co-debtors.  Section 1301 applies only to a Chapter 13 debtor's co-debtors. *See In re Long*, 10 B.R. 880, 881 (Bankr. D.C.S.D. 1981) (quoting Collier Bankruptcy Manual, p. 1325-2 n. 7) ("The benefits of Chapter 13 as opposed to Chapter 7 include: . . . the codebtor is granted protection against creditor pressure (*see* 11 U.S.C. § 1301(a)) . . . ." (internal quotation marks omitted)); *In re Lemma,* 394 B.R. 315, 320 (Bankr. E.D.N.Y. 2008) (citing 11 U.S.C. § 1301(a)(2)) ("Under Section 1301(a) of the Bankruptcy Code, a creditor is stayed from pursuing a Chapter 13 debtor's co-obligor . . . .").  Here, Ganesh Rao is a Chapter 7 petitioner. Consequently, Section 1301 does not operate to stay the action with respect to his co-debtors. Accordingly, Ganesh Rao's request for a stay of further proceedings against the co-debtors is **DENIED**.

**IT IS SO ORDERED**.

November 1, 2010                                                         /s/ *Elizabeth A. Preston Deavers*
                                                                                        Elizabeth A. Preston Deavers
                                                                                        United States Magistrate Judge